OPINION of the Court, by
Judge Clark.
The heirs of Walter Wiley, who are the defendants in error, filed their bill in chancery against the plaintiff, to set aside the last will and testament of said Wiley, on account of his mental imbecility at the time of its exe-cation, and the fraud of the plaintiff in procuring it. An issue, whether it was the last will and testament of Walter Wiley or not, was made up; on the trial of which, the defendants in error introduced Joseph Smith» *467 a subscribing witness to the will, to prove, as well the imbecility of the testator, as the fraud practised by the plaintiff, in procuring its execution ; he was-objected to by the plaintiff go the score of interest, there being a suit depending in the Hardin circuit court, by the plain'tiff, against Burcham and Essery, for a part of the pro-1 perty devised to him by the t ill, and that Smith, the witness, was bound as security ior Essery, to indemnify Burcham in case the property should be recovered of him ; the court overruled the objection, to which the plaintiff excepted, and has brought the cause to this court, by writ of error.
Whether the objection to the competency of the witness was properly overruled or not, is the only question deemed material to be considered. Where a witness is immediately interested in the event of a suit, or where the judgment or decree can be used against him in a subsequent action, it is clear he is incompetent, and - should be excluded. Smith, the witness in this cause, though he was not immediately interested in the event, was yet so situated that the decree would have an important bearing in the suit wherein he .was security. For by destroying the will, he put ⅛ out of the power of the plaintiff to recover ia the suit against Essery and. Burehain. .That the witness was qnly a security, and might not therefore be compelled to pay the value of the property to Burcham, cannot change the determination. . His interest was such as was calculated, to have an important bearing on his mind, and to destroy that indifference which ought to be observed between the .contending parties. As it is not in the pptver of the court to estimate the degree of interest a witness is ca-Vpable of resisting, the law wisely rejects every one whose right may be immediately affected by the deter* 'gmination. The interest oí the witness in this, cause wasv ; such as should hsu e excluded him.
Judgment reversed, and new proceedings to be had.